IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KATHLEEN KEYS**                                                             **PLAINTIFF**

**V.**                                                       **CAUSE NO. 3:18-CV-816-CWR-LRA**

**ENTERGY, ET AL.**                                                 **DEFENDANTS**

**ORDER**

Before the Court are the defendants' motions for summary judgment. Docket Nos. 67 and 69. On review, the motion for summary judgment on the merits will be granted, and the motion for summary judgment for lack of personal jurisdiction will be denied as moot.

**I.**     **Factual and Procedural History**

For approximately 10 years, Kathleen Keys worked the night shift at Entergy's call center in Jackson, Mississippi. She states that she "monitored the activities and emergencies for the defendant's 4 states of operations (MS, TX, LA, AR)."

Keys was arguably overqualified for the position, as she possesses a bachelor's degree in business, a master's degree in management, a leadership certificate from Cornell University, and several insurance licenses. During her employment, however, Keys applied for more than 70 vacancies within various units of the Entergy system; received eight interviews from those applications; and was hired for exactly zero jobs. The majority of those positions were filled by white men, she alleges, adding that one manager explicitly told her the company was looking for men.

Keys also sets forth specific grievances about her supervisor, Linda Butler:

> Ms. Keys alleges that Ms. Butler treated her in a discriminatory manner by, among other things, instructing her to self-rate on employee evaluations at a lower level than Ms. Keys felt appropriate; denying her requested cross-training and educational opportunities; and failing to recommend or help her in applying for

positions. While denying Ms. Keys, who is lighter-skinned than Ms. Butler, those things, Ms. Butler offered preferential treatment to two darker-skinned colleagues of Ms. Keys.

Docket No. 79 at 2.[1]

As it turns out, Keys was technically employed by Entergy Services LLC from 2008 to 2017. In October 2017, her position was outsourced to Alorica, and she was ordered to move to the day shift. She remained with Alorica until she quit in May 2018. Keys filed her charge of discrimination with the EEOC on May 3, 2018, alleging discrimination on the basis of race, gender, and age. This suit followed.

Now before the Court are two motions. Entergy Mississippi LLC, Entergy Operations Inc, and Entergy Services LLC seek summary judgment on the merits of Keys' discrimination claims. Docket No. 67. Meanwhile, Entergy Arkansas LLC, Entergy Corporation, Entergy Louisiana LLC, Entergy New Orleans LLC, and Entergy Texas Inc. seek summary judgment for an alleged lack of personal jurisdiction. Keys has responded in opposition to each motion.

## II.    Legal Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). "Once a summary judgment motion is made and properly supported, the nonmovant must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither 'conclusory allegations'

---

[1] In her Charge of Discrimination filed with the EEOC, Keys only checked the boxes for race, sex, and age. She did not check the box for color. Docket No. 1-1. In her Complaint, Keys asserts that her color was also a basis for discrimination. While defendants contend that this claim should be dismissed for failure to exhaust, *see* Docket No. 68, at 1 n.1, they "adopt by reference their arguments regarding race discrimination as a basis for dismissal of any purported color discrimination claim." *Id*. It is for this reason that this Court dismisses the color discrimination claim.

2

nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (quotation marks and citations omitted).

The Court views the evidence and draws reasonable inferences in the light most favorable to the nonmovant. *Maddox v. Townsend and Sons, Inc.*, 639 F.3d 214, 216 (5th Cir. 2011). But the Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *McCallum Highlands, Ltd. v. Wash. Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995), *as revised on denial of reh'g*, 70 F.3d 26 (5th Cir. 1995).

**III.   Discussion**

The threshold question is whether Keys may sue about all 70+ positions for which she applied and was not hired, or instead whether she is limited to suing about the four positions where the failure-to-hire occurred within 180 days of her EEOC charge. *See* 42 U.S.C. § 2000e-5(e)(1) ("A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . .").

Keys attempts to argue for the broader scope of review, *see* Docket No. 79 at 3 n.2, but her brief focuses solely on the final four applications. That is effectively a concession that the focus of this Order should (similarly) be the four positions for which her EEOC charge of discrimination was timely filed. "Filing a timely charge is," after all, "a prerequisite to having an actionable claim." *Stewart v. Mississippi Transp. Comm'n*, 586 F.3d 321, 328 (5th Cir. 2009); *see also Goree v. City of Verona*, No. 1:17-CV-93-SA-DAS, 2021 WL 4449985, at *5 (N.D. Miss. Sept. 28, 2021) (examining continuing violation doctrine).

In what follows, therefore, the Court will focus on the four failures-to-hire that were timely encompassed by Keys' charge of discrimination. The familiar employment discrimination

3

burden-shifting framework applies. *See Hassen v. Ruston Louisiana Hosp. Co.*, 932 F.3d 353, 356 (5th Cir. 2019), *as revised* (Aug. 1, 2019).

Regarding the first of the four actionable applications, Keys cannot satisfy the prima facie case. She was not qualified for the position because she did not pass the "EEI SASS" test. Her brief insinuates that the test was racially discriminatory, *see* Docket No. 79 at 6-7, but she has no evidence of that, and the person Entergy hired for the position was also African-American. Keys then asserts without evidence that the successful candidate didn't take the EEI SASS test, but that is contradicted by competent evidence in the record. *See* Docket No. 67-4 at 3.

Regarding job applications two through four, which were for positions in Texas, Arkansas, and Texas, respectively, Keys admits that she cannot show pretext because she lacks evidence that she was clearly better qualified than the persons hired.

In this Circuit, "showing that the unsuccessful employee was clearly better qualified (as opposed to merely better or as qualified) than the employees who are selected will be sufficient to prove that the employer's proffered reasons are pretextual." *Moss v. BMC Software, Inc.*, 610 F.3d 917, 922 (5th Cir. 2010) (cleaned up).

> To show that he was clearly better qualified . . . and raise a fact question as to whether discrimination was a factor in [the employer's] hiring decisions, [the plaintiff] must present evidence from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question.

*Id.* (cleaned up).

Keys is well-qualified and received meritorious performance reviews, to be sure, but the evidence falls short of that "from which a jury could conclude that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff for the job in question." *Id*.

In addition, Entergy has put forward evidence that it preferred and hired local candidates for each of these positions. Keys has not presented evidence that this decision was a pretext for discrimination, *i.e.*, that it was unworthy of credence.

The record is not entirely one-sided. A curious feature of this case is that Entergy treated Keys' applications like an outside, external candidate, despite her decade of good performance for the company. Docket No. 68 at 7. On the present record, however, that unfairness is not indicative of discrimination on the basis of race, color, gender, or age.

As a final matter, Keys attempts to defend her WARN Act claim. But that is foreclosed by the one-year statute of limitations, *see Brewer v. Am. Power Source, Inc.*, 517 F. Supp. 2d 881, 884 (N.D. Miss. 2007), and Keys has not pointed to authority supporting her proposition that filing the EEOC charge of discrimination tolled the statute of limitations.

## IV.    Conclusion

The merits-based motion for summary judgment, Docket No. 67, is granted. All other pending motions are terminated as moot. *See* Docket No. 70 at 1 n.1. A separate Final Judgment shall issue.

**SO ORDERED**, this the 10th day of December, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
